UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL LEPRE,
   Plaintiff,

v.

GRANTE TELECOMMUNICATIONS LLC; ROBERT HALE, JR.; RAND CURRIER; and KEVIN NICHOLAS,
   Defendant.

C.A. No. 19-190-JJM-PAS

ORDER

Michael Lepre, a former employee of Defendant Granite Telecommunications LLC ("Granite"), brings this fifteen-count complaint alleging that Granite did not pay him the compensation owed to him. ECF No. 1-1. Granite[1] moves to dismiss six of the counts[2] because they are "common law claims based on Defendant's alleged failure to pay him certain wages," and the sole remedy for failure to pay wages is an action under the Rhode Island Payment of Wages Act. *See* R.I. Gen. Laws § 28-14-1.[3]

This Court recently dealt with a similar issue in *McElroy v. Fidelity Investments Institutional Services Co., Inc.* Relying on *Bisbano v. Strine Printing*

---

[1] No proof of service has been filed on the individual Defendants, Robert Hale, Jr., Rand Currier, and Kevin Nicholas.

[2] Granite moves on Counts VI (breach of contract), VII (breach of the covenant of good faith and fair dealing), XII (fraud), XIII (negligent misrepresentation), XIV (quantum meruit), and XV (unjust enrichment).

[3] Mr. Lepre alleges a violation of the Rhode Island Payment of Wages Act in Counts I and III.

*Co., Inc.*, the Court held that Rhode Island law is clear that when a plaintiff's "'assertion stems entirely from the allegation that [the Defendant] has failed and/or refused to provide him with the unpaid commissions,'" a plaintiff's claim is one for wages under the Payment of Wages Act. *McElroy*, 298 F. Supp. 3d 357, 363 (D.R.I. 2018) (quoting *Bisbano*, 135 A.3d 1202, 1209 (R.I. 2016)).

The Payment of Wages Act defines wages as "all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, commission basis, or other method of calculating the amount." R.I. Gen. Laws § 28-14-1(4). Mr. Lepre's common law claims in Counts VI, VII, XII, XIII, XIV, and XV are all based on the alleged payment of wages (including commissions, and agreed-to payment for services), and as such, the Payment of Wages Act preempts these common law claims and thus they must be dismissed.

The Court GRANTS Granite's Motion to Dismiss Counts VI, VII, XII, XIII, XIV, and XV. ECF No. 5.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr.
United States District Judge

June 4, 2019